Chief Justice ROBERTS, concurring.
When this case was before us two years ago, I wrote in dissent that the majority's articulation of how courts should enforce the requirements of Atkins v. Virginia , 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), lacked clarity. Moore v. Texas , 581 U.S. ----, ---- - ----, 137 S.Ct. 1039, 1048-1050, 197 L.Ed.2d 416 (2017). It still does. But putting aside the difficulties of applying Moore in other cases, it is easy to see that the Texas Court of Criminal Appeals misapplied it here. On remand, the court repeated the same errors that this Court previously condemned-if not quite in haec verba , certainly in substance. The court repeated its improper reliance on the factors articulated in Ex parte Briseno , 135 S.W.3d 1, 8 (Tex. Crim. App. 2004), and again emphasized Moore's adaptive strengths rather than his deficits. That did not pass muster under this Court's analysis last time. It still doesn't. For those *673 reasons, I join the Court's opinion reversing the judgment below.
Justice ALITO, with whom Justice THOMAS and Justice GORSUCH join, dissenting.
Two years ago, this Court vacated a judgment of the Texas Court of Criminal Appeals holding that Bobby James Moore was not intellectually disabled and was therefore eligible for the death penalty. Moore v. Texas , 581 U.S. ----, 137 S.Ct. 1039, 197 L.Ed.2d 416 (2017). While the Court divided on the appropriate disposition, both the majority and the dissent agreed that the Court of Criminal Appeals should have assessed Moore's claim of intellectual disability under contemporary standards rather than applying the outdated evidentiary factors laid out in Ex parte Briseno , 135 S.W.3d 1, 8 (Tex. Crim. App. 2004). Moore , 581 U.S., at ----, 137 S.Ct., at 1044-1045 ; id. , at ----, 137 S.Ct., at 1053-1054 (ROBERTS, C.J., dissenting). On remand, the Court of Criminal Appeals adopted the leading contemporary clinical standards for assessing intellectual disability, applied those standards to the record, and once again determined that Moore is eligible for the death penalty. Ex parte Moore , 548 S.W.3d 552, 555 (2018).
Today, the Court reverses that most recent decision, holding that the Court of Criminal Appeals failed to follow our decision in Moore . Such a failure would be understandable given the "lack of guidance [ Moore ] offers to States seeking to enforce the holding of Atkins ." Moore , 581 U.S., at ----, 137 S.Ct., at 1058 (ROBERTS, C.J., dissenting). Indeed, each of the errors that the majority ascribes to the state court's decision is traceable to Moore 's failure to provide a clear rule. For example, the majority faults the Court of Criminal Appeals for "rel[ying] less upon the adaptive deficits ... than upon Moore's apparent adaptive strengths ," ante , at 670, and for "rel[ying] heavily upon adaptive improvements made in prison," ante , at 671. But in Moore , we said only that a court ought not "overemphasiz[e]" adaptive strengths or place too much "stres[s]" on improved behavior in prison. This left "the line between the permissible-consideration, maybe even emphasis-and the forbidden-'overemphasis'-... not only thin, but totally undefined ...." Moore , 581 U.S., at ----, 137 S.Ct., at 1059 (ROBERTS, C.J., dissenting). The majority's belief that the state court failed to follow Moore on remand merely proves that "[n]either the Court's articulation of this standard [in Moore ] nor its application sheds any light on what it means." Id ., at ----, 137 S.Ct., at 1058 (ROBERTS, C.J., dissenting).
Having concluded that the Court of Criminal Appeals failed to apply the standard allegedly set out in Moore , the Court today takes it upon itself to correct these factual findings and reverse the judgment.* This is not our role. "We do not grant a certiorari to review evidence and discuss specific facts." United States v. Johnston , 268 U.S. 220, 227, 45 S.Ct. 496, 69 L.Ed. 925 (1925) ; see also Salazar-Limon v. Houston , 581 U.S. ----, ----, 137 S.Ct. 1277, 1278, 197 L.Ed.2d 751 (2017) (ALITO, J., concurring in denial of certiorari) ("[W]e rarely grant review where the thrust of the claim is that a lower court simply erred in applying a settled rule of law to the facts of a particular case"). If *674 the Court is convinced that the Court of Criminal Appeals made a legal error, it should vacate the judgment below, pronounce the standard that we failed to provide in Moore , and remand for the state court to apply that standard. The Court's decision, instead, to issue a summary reversal belies our role as "a court of review, not of first view." Cutter v. Wilkinson , 544 U.S. 709, 718, n. 7, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005).
The Court's foray into factfinding is an unsound departure from our usual practice. The error in this litigation was not the state court's decision on remand but our own failure to provide a coherent rule of decision in Moore . I would deny the petition for a writ of certiorari. I certainly would not summarily reverse and make our own finding of fact without even giving the State the opportunity to brief and argue the question. I therefore respectfully dissent.

The Court excuses its usurpation of the factfinding role by contrasting the conclusions of "the trial court," ante , at 670 - 671, 672 - 673, with the views of "the court of appeals," ante , at 670 - 672. But in Texas habeas proceedings, the Texas Court of Criminal Appeals is "the ultimate factfinder" and has authority to accept, alter, or reject the "recommendation" of the habeas court. Ex parte Reed , 271 S.W.3d 698, 727 (2008).